## CHASE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1926.)

No. 4623.

**1. Witnesses ⊕═255(3)—Affidavit held improperly read to witness giving contradictory testimony, where not made contemporaneously with events recited therein.**

Affidavit as to purchase of liquor six months before making affidavit *held* improperly read to affiant giving contradictory testimony, being inadmissible to refresh recollection as not being made contemporaneously with events recited therein.

**2. Witnesses ⊕═392(I)—Introduction of affidavit to contradict witness held improper, in absence of instruction limiting jury's consideration to it to contradict adverse testimony.**

Introduction of affidavit as to purchasing liquor *held* improperly read by prosecuting attorney to affiant having made contradictory statements on witness stand in absence of instruction limiting jury's consideration to it to contradict adverse testimony.

Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Bruce Chase was convicted on five counts charging the unlawful sale of intoxicating liquor, and he brings error. Reversed, and remanded for a new trial.

Paul E. Divine, of Johnson City, Tenn., and Dana Harmon, of Greeneville, Tenn. (Divine & Guinn, of Johnson City, Tenn., on the brief), for plaintiff in error.

Geo. C. Taylor, U. S. Atty., of Knoxville, Tenn.

Before DONAHUE and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. Bruce Chase was convicted on five counts of a criminal informa-

tion charging him with unlawfully and knowingly selling intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Only one of the errors assigned merits discussion. It pertains to the district attorney's examination of the prosecuting witness upon whose affidavit the information was filed.

This witness stated on direct examination that he had never bought any whisky or intoxicating spirits from defendant, and did not "know of his own knowledge that Chase ever brought or delivered any such to the store of Peterson & Smith." Thereupon the district attorney produced an affidavit that the witness had made, and, over the objection of counsel for defendant, read from the affidavit, asking the witness whether each statement contained therein was correct, to which the witness replied in the affirmative. The affidavit stated unqualifiedly that the witness had purchased liquor from the defendant on the dates set out therein, which purchases were made more than six months before the making of the affidavit. In this way counsel for the government induced the witness to adopt as his testimony the statements made in the affidavit in contradiction of what he had previously said. It is true that the witness was seemingly hostile, and the right of cross-examination for that reason accorded the government might, under proper circumstances, permit the introduction of prior contradictory statements to neutralize the effect of the adverse testimony; but in that event the affidavit so used could not have the effect of substantive proof. Southern Railway Co. v. Gray, 241 U. S. 333, 337, 36 S. Ct. 558, 60 L. Ed. 1030; Halbert v. United States, 290 F. 765 (6 C. C. A.).

[1, 2] If the affidavit be considered as used to refresh the recollection of the witness, it was clearly inadmissible as not made contemporaneously with the events recited therein. Putnam v. United States, 162 U. S. 687, 16 S. Ct. 923, 40 L. Ed. 1118. If regarded as having been introduced to neutralize or discredit the testimony just given, its effect as substantive proof could only have been avoided by instructing the jury to consider it only in that limited sphere. Counsel for defendant objected to its use on the specific ground that its introduction was, in effect, a substitution of the affidavit for the testimony of the witness on the stand, and that the affidavit was thus received as substantive proof. If the purpose of its introduction was to contradict the adverse testimony, the failure so to limit the jury's consideration of it is reversible error, since, as received, it constituted so large a part of the substantive evidence that it cannot be said that it was not accepted as the basis for the verdict.

Reversed, and remanded for a new trial.